LAMAR, Justice,
dissenting:
¶ 44. I do not agree that — at this stage of this proceeding and on this record — we can find as a matter of law that Acey cannot recover as a bystander.
¶ 45. As the majority points out, there are generally three factors that this Court considers to determine if a defendant should reasonably foresee injury to a bystander:
*683 (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
Entex, Inc. v. McGuire, 414 So.2d 437, 444 (Miss.1982). But the majority then proceeds to treat these three factors as a bright-line rule that absolutely bars recovery. This, in my view, is an incorrect interpretation of Entex. In fact, the En-tex Court favorably quoted the Supreme Court of California in Dillon v. Legg,[6] where the California Court stated that Courts should “take into account” the factors quoted above when evaluating whether a bystander was a foreseeable plaintiff — which is a far cry from treating the factors as “mandatory requirements” that a bystander must meet. Entex, 414 So.2d at 444.
¶46. Importantly, a closer review of the analysis in Dillon reveals that these factors are to be evaluated as a whole:
The evaluation of these factors will indicate the [djegree of the defendant’s fore- ■ seeability: obviously defendant is more likely to foresee that a mother who observes an accident affecting her child will suffer harm than to foretell that a stranger witness will do so. Similarly, the degree of foreseeability of the third person’s injury is far greater in the case of his contemporaneous observance of the accident than that in which he subsequently learns of it. The defendant is more likely to foresee that shock to the nearby, witnessing mother will cause physical harm than to anticipate that someone distant from the accident will suffer more than a temporary emotional reaction. All these elements, of course, shade into each other; the fixing of obligation, intimately tied into the facts, depends upon each case.
Dillon, 69 Cal.Rptr. 72, 441 P.2d at 920-21.
¶ 47. Here, it is undisputed that factor three weighs heavily in Ace/s favor. And I find that, as this case currently stands, factors one and two are neutral at best. There is testimony in the record that Acey arrived at the accident scene within seven minutes, where her daughter was still experiencing the effects of the severe electrical shock. Specifically, Acey testified via affidavit that she observed smoke coming from her daughter’s skin, the skin flaking and turning gray, her daughter’s fingers missing and bones exposed, and that she could smell the odor of burning flesh — in other words, the injury was still occurring. Also, Acey’s daughter had not been removed from the accident site when she arrived — she was being held by one of the farmers on the platform of the cotton-picker.
¶ 48. I agree with Justice Coleman that “the question of whether a legal duty of due care exists is one of law and not fact.” But that determination cannot be made in a vacuum, because it is axiomatic that the existence of a duty necessarily depends on the specific facts of each case. And for purposes of a summary-judgment review, we are to view the facts in the light most favorable to Acey. If we do as instructed by the Entex Court and simply take these factors “into account,” I cannot join the majority’s conclusion that Acey may not recover as a matter of law.
*684 ¶ 49. Moreover, I note that virtually all of the authority relied on by the majority is from federal courts making Erie guesses as to the current state of Mississippi bystander law. So the majority’s statement that “Mississippi law has been consistent regarding bystander recovery for emotional-distress damages” is disingenuous. (Maj.OpJ 19). The majority relies heavily on federal court opinions waxing eloquently on Mississippi bystander law instead of actually analyzing the Dillon factors as Entex instructs. There is simply nothing in Entex or any of this Court’s other precedent that categorically bars Acey’s recovery here.
¶ 50. As a final note, it is interesting to me that the majority spends the first seven pages of its analysis pointing out all the reasons I am wrong instead of analyzing the case at hand, relying principally on caselaw from California. I do not “misunderstand” the application of the Dillon factors; rather, I simply am not concerned with post-Dillon jurisprudence in California. My concern is our bystander liability jurisprudence, and the fact remains that this Court never has said — until today— that the Dillon factors are “mandatory requirements.”
¶ 51. I stress again that Entex instructs this Court to take the Dillon factors “into account.” My response to the majority’s statement that I am overlooking “all the Mississippi caselaw that plainly rejects” my position is simple: “What law?” Simply because the majority has been able to locate some cases in which bystander recovery was ultimately denied does not mean that our jurisprudence — properly interpreted — transforms the Dillon factors into mandatory requirements or categorically bars recovery here. The majority’s concern that my rationale will “no doubt result in infinite liability” is simply unfounded. I say nothing more than that our current jurisprudence does not, as a matter of law, bar Acey’s recovery here.
¶ 52. For these reasons, I would dismiss this interlocutory appeal and allow the parties to proceed with discovery and trial.
DICKINSON, P.J., KITCHENS AND KING, JJ., JOIN THIS OPINION.

. 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968).